## Lehman Township School District, to use, v. Lake Township School District

*Arthur Turner*, for plaintiff; *James P. Harris*, for defendant.

VALENTINE, J., December 5, 1931.—The above case was submitted to the decision of the court, without a jury, under the provisions of the Act of April 22, 1874, P. L. 109. From the testimony we find the following facts:

1. John A. Hildebrant resides in the School District of Lake Township, Luzerne County, Pa.

2. The defendant, the School District of Lake Township, is a school district of the fourth class.

3. James Hildebrant is a minor son of John A. Hildebrant. Charlotte Hildebrant is a minor daughter of John A. Hildebrant. Both reside with their father in Lake Township, Luzerne County, Pa.

4. During the school year 1927-28 James Hildebrant and Charlotte Hildebrant completed the elemetary course of study in the public schools of the defendant district and were entitled to enter high school.

5. They satisfied the superintendent having jurisdiction of the district in which they resided and the principal of the high school of Lehman Township School District of their fitness to enter the same, and attended the high school in Lehman Township during the school year 1928-29.

6. The cost of tuition, textbooks and supplies of said James Hildebrant to the School District of Lehman Township for the school year 1927-28 was $73.96.

7. The cost of tuition, textbooks and supplies of Charlotte Hildebrant to the School District of Lehman Township for the school year 1927-28 was $73.96 (or a total for both pupils of $147.92). These costs were the average costs of other pupils in Lehman Township. Proper bills for said amounts were sent by the

Secretary of Lehman Township School District to the Secretary of the School District of Lake Township.

8. The sum of $147.92 was not paid by the defendant district, but was paid by Hildebrant to the Lehman Township School District.

9. The plaintiff and his family live about five miles from the Lake Township High School and about one mile from the grade school formerly attended by his two children.

10. The defendant district maintained and furnished a bus to transport children to the high school maintained by it. Said bus stopped at the school building formerly attended by the plaintiff's children, but not at the plaintiff's house.

### Discussion

The use-plaintiff paid to the plaintiff, Lehman Township School District, tuition for his children. The sum so paid is now sought to be recovered from the defendant, Lake Township School District. The plaintiff and his children reside in Lake Township School District, about five miles distant from the high school located therein. The children had completed their elementary course of study in the Lake Township schools and were eligible to enter high school.

The plaintiff's right of recovery is based upon section 1709 of the School Code of 1911, P. L. 309, which provides:

"If any child has completed the elementary course of study in the public schools of the district in which he resides, and resides three or more miles, by the public road, from the nearest high school in said district, unless proper free transportation is furnished, he may attend any more convenient high school in another district, without the consent of the board of school directors of the district in which he resides, and the district in which he resides shall be liable to the district whose high school he attends for the cost of his tuition, textbooks and supplies, as provided for in this act."

It was the duty of the school directors of the defendant district to provide transportation, and their failure so to do would subject the district to liability for the tuition of the pupils in attending the schools of an adjoining district: School District of Berlin Township v. School District of Damascus Township, 79 Pa. Superior Ct. 259.

The bus provided by defendant school district stopped at the school building formerly attended by the children of the use-plaintiff, which is located slightly over one mile distant from their home.

Plaintiff contends that the transportation furnished was insufficient; that proper free transportation, under the above section, is not part transportation, nor transportation over part of the distance, but is complete entire transportation for the distance by the public road.

In support of this contention, our attention has been directed to a ruling by the Department of Public Instruction, under date of November 29, 1922, to the effect that a pupil cannot be compelled to walk any part of the distance by public road. With this construction we do not agree. If adhered to, every school bus would be obliged to stop at the house of every child in the district. If a child lived on an intersecting road a few hundred feet distant from the road which was the direct line of travel to the high school to which the children were being transported, the school authorities would be obliged to have the driver proceed on the intersecting highway to the child's home. Such requirement would place an undue burden upon many school districts, and would, we think, be unreasonable. What is proper free transportation depends upon the facts of each particular case. No definite arbitrary rule applicable to all cases can be laid down. In order to be proper, the transportation must be reasonable, under the circumstances existing in the particular district.

The duty of furnishing "proper free transportation" does not impose upon the district the obligation of having the conveyance furnished for the transportation of the children go to the home of every pupil. Under section 1404 of the School Code, pupils attending elementary school are only entitled to "proper free transportation" when they reside one and one-half miles or more . . . from the nearest elementary school in the district. "Under certain conditions the pupils may be required to walk one and one-half miles to meet a public conveyance when stations are maintained:" Jones v. Boulter, 61 Pa. Superior Ct. 73, 82.

Plaintiff's children formerly attended the school at which the bus furnished for transporting children to the high school stopped, and during such time, when they were younger, traveled the distance from their home to said school building, and we are unable to conclude that requiring them to travel such distance when they were high school pupils imposed an undue burden or hardship upon them, or that the transportation furnished was not proper because the bus did not stop directly at their home.

We make the following

### Conclusions of law.

1. The defendant district furnished free transportation for the children of the use-plaintiff.

2. Judgment should be entered in favor of the defendant.

Therefore, now, December 5, 1931, the prothonotary is directed to enter judgment in favor of the defendant, subject to plaintiff's right to file exceptions in accordance with the provisions of the Act of April 22, 1874, P. L. 109.

From Frank P. Slattery, Wilkes-Barre, Pa.